DAYTON, APPELLEE, *v.* DAYTON, APPELLANT; O.M. SCOTT & SONS EMPLOYEE PENSION PLAN, APPELLEE.

(No. 14-86-4—Decided December 11, 1987.)

*Coleman & Eufinger* and *Charlotte Coleman Eufinger,* for appellee Mary E. Dayton.

*Schneider & Heinkel* and *R. Larry Schneider,* for appellant.

*Craig Walley,* for appellee O. M. Scott & Sons Employee Pension Plan.

EVANS, J. This is an appeal from a judgment and order of the Court of Common Pleas of Union County under which the pension benefits of appellant, W. Daniel Dayton, were assigned to appellee, Mary E. Dayton, in payment of a prior alimony order in favor of appellee.

After thirty-four years of marriage, appellee was granted a divorce from appellant on the grounds of gross neglect of duty and extreme cruelty. As a part of the divorce decree, the appellee was awarded alimony in the amount of $600 per month for five years or until her death or remarriage. Appellant has never made a payment under this order and at the time of the hearing on the motion to find appellant in contempt he was in arrears in the amount of $10,997.21.

Prior to the hearing on the motion

in contempt, appellee also filed a motion under Civ. R. 75(B) to join O. M. Scott & Sons Employee Pension Plan as a party defendant. The trial court found that the pension plan had possession or control of property belonging to appellant and ordered the pension plan made a defendant in the case. At the conclusion of the hearing, the court ordered that the pension benefits payable to appellant from the O. M. Scott & Sons Employee Pension Plan be assigned to appellee until further order of the court and paid to Mary E. Dayton through the Union County Bureau of Support.

The appellant appeals, asserting five assignments of error, the first of which is stated as follows:

"The trial court erred by issuing its order of attachment of pension plan proceeds without joining the plan administrator or trustees."

The appellee filed a motion pursuant to Civ. R. 75(B)(1) to make the O. M. Scott & Sons Employee Pension Plan ("Pension Plan") a party defendant in this case. Service was obtained on the agent for the plan and the court subsequently granted the motion, ordering that the Pension Plan be made a party defendant on the grounds that the Pension Plan had possession and control of property out of which the appellee sought alimony.

Appellant takes the position that the Pension Plan is after all just a document which cannot perform an act and that an order by the trial court must be binding on the parties in control of the plan to be effective.

Section 1132(d), Title 29, U.S. Code provides as follows:

"(d) Status of employee benefit plan as an entity.

"(1) An employee benefit plan may sue or be sued under this title as an entity."

This provision clearly establishes the intent of Congress that litigants may secure service on a pension plan by serving the plan rather than a plan administrator or trustee. We believe that the Pension Plan was properly served and was before the court as a party defendant. The order of the court is binding on the Pension Plan.

The first assignment of error is not well-taken.

For his second assignment of error appellant asserts as follows:

"The trial court erred by entering judgment assigning the pension benefits contrary to the provisions of the Retirement Equity Act of 1984 (REA)."

Appellant agrees that pension benefits can be assigned if it is done pursuant to a "qualified domestic relations order." Appellant then proceeds to challenge the assignment in this case on the grounds that it is not a qualified domestic relations order.

Appellant asserts that the order in question fails to qualify as a qualified order because it is not made pursuant to the domestic relations laws for Ohio. Appellant contends that while R.C. 3113.21 provides for wage withholding for alimony payments, there is no statutory authorization for attachment of pension benefits. There are two statutory enactments in Ohio which we believe provide ample basis for the attachment order in this case.

R.C. 3105.011 provides:

"The court of common pleas including divisions of courts of domestic relations, has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters. This section is not a determination by the general assemby that such equitable powers and jurisdiction do not exist with respect to any such matter."

R.C. 3105.18, as it provided when the court order was made, stated in pertinent part:

"(A) In a divorce, dissolution of

marriage, or alimony proceedings, the court of common pleas may allow alimony as it deems reasonable to either party.

"The alimony may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments, as the court deems equitable.

"(B)  In determining whether alimony is necessary, and *in determining* the nature, amount, and *manner of payment of alimony,* the court shall consider all relevant factors, including:

"(1)  The relative earning abilities of the parties;

"(2)  The ages, and the physical and emotional conditions of the parties;

"(3)  The retirement benefits of the parties * * *.'' (Emphasis added.)

Appellant also objects to the validity of the order on the grounds that it requires the plan to provide an option or a benefit to appellant for which the plan does not provide. The testimony indicated that the Pension Plan had not yet been amended to provide for qualified domestic relations orders but that it was being "worked on." Appellant argues that to require the plan to comply with a domestic relations order in the absence of plan provisions for such orders in effect requires the plan to provide a benefit or option which is not provided for under the plan.

First we note that qualified domestic relations orders are provided for in Section 1056(d)(3), Title 29, U.S. Code. The requirements of a qualified order are clearly set forth in this amendment to the Employee Retirement Security Act which was effective August 23, 1984. We find that the order in this case meets the requirements of the amended section. We will not invalidate a lawful order of the court merely because the plan amendments are not yet finalized. Second, we do not agree that this order requires the plan

to provide an option or a benefit not otherwise provided under the plan. The benefits payable to appellant under the plan remain unchanged. The order changes the payee of those benefits, not the amount. The second assignment of error is not well-taken.

For his third assignment of error appellant asserts as follows:

"The trial court erred by permitting attachment of pension benefits, not permitted by Ohio law."

Although the assignment of error claims a prohibition of the attachment under the Ohio law, the argument in the brief is based on the provisions of Chapter 18 of Title 29, U.S. Code. We will respond to appellant's argument on the basis of the provisions of Chapter 18.

Appellant relies on the provisions of Section 1056(d)(1), Title 29, U.S. Code for this assignment of error.

Section 1056(d)(1) provides:

"Each pension plan shall provide that benefits provided under the plan may not be assigned or alienated."

Our examination of the cases in this area reveals a number of cases which uphold the assignment of pension benefits in payment of family obligations. It has been held, for example, that the anti-assignment or alienation provision does not prevent the enforcement of a state court order requiring pension trust funds to make a portion of an employee's regular payment to an ex-spouse of that employee to satisfy alimony obligations. *Operating Engineers Local 428 Pension Trust Fund* v. *Zamborsky* (D.C. Ariz. 1979), 470 F. Supp. 1174.

The third assignment of error is not well-taken.

The fourth assignment of error is asserted in the following language:

"The trial court erred by permitting attachment of pension benefits, not permitted by Ohio law."

Appellant argues here that there is no specific Ohio statute which permits attachment of pension benefits and in the absence of such a provision this attachment can not stand. As we pointed out under the second assignment of error, R.C. 3105.011 and 3105.18 provide ample authority for this order. This assignment of error is not well-taken.

The fifth and last assignment of error is asserted as follows:

"The trial court erred by assigning virtually all of defendant-appellant's pension benefits to plaintiff-appellee."

In this case the appellant was entitled to a gross benefit of $509.72. From that gross benefit $32 was deducted to pay for medical insurance for appellant, leaving a net benefit of $477.72 payable to appellant. The trial court assigned the entire net benefit to appellee. Appellant challenges this order because there is no evidence in the record that appellant had income from any other source. Presumably appellant thinks it is unreasonable to assign the entire net pension benefit unless there is evidence that appellant had other income with which to support himself. We do not agree. The time to challenge an alimony award on the basis of inability to pay was in the divorce case where the alimony award was originally made. The proceeding here is merely to determine a source for the payment of the award. We find nothing unreasonable about the decision of the court to assign the entire net benefit. The fifth assignment of error is overruled.

*Judgment affirmed.*

MILLER, P.J., and SHAW, J., concur.