TAYLOR, APPELLANT, *v.* TAYLOR, APPELLEE.

[Cite as Taylor *v.* Taylor (1989), 44 Ohio St. 3d 61.]

(No. 88-819—Submitted April 11, 1989—Decided July 5, 1989.)

*Duane F. Lantz,* for appellant.
*Windell F. Fisher* and *Judith R. Maxwell,* for appellee.

WRIGHT, J.   The issue here concerns whether the attachment order issued by the trial court in this case is a "qualified domestic relations order" as defined in ERISA Section 1056(d)(3)(B). We hold that R.C. 3113.21(D)(4) (now renumbered [4][a]) authorizes a domestic relations court to issue a "qualified domestic relations order" ("QDRO") attaching pension plans qualifying under ERISA.

Private pension plans qualifying under ERISA are subject to numerous restrictions, the most significant of which is that the benefits provided in such plans may not be assigned or alienated. ERISA Section 1056(d)(1). Following the enactment of ERISA a question arose as to whether, in divorce actions, courts could assign ERISA pension benefits to non-participant spouses notwithstanding the anti-alienation provision and Section 1144(a), which establishes ERISA's preemption of state law. See, *e.g., American Tel. & Tel. Co.* v. *Merry* (C.A.2, 1979), 592 F. 2d 118. In the Retirement Equity Act of 1984, Congress responded by creating a limited exception to the anti-alienation provision for court orders which meet the requirements of a QDRO. See ERISA Section 1056(d)(3).

There are several requirements of a QDRO, the first of which is that the order must be a "domestic relations order." This is the requirement at issue in this case. ERISA Section 1056(d)(3)(B)(ii) defines "domestic relations order" as "* * * any judgment, decree, or order (including approval of a property settlement agreement) which—

"(I) relates to the provision of child support, alimony payments, or marital property rights to a spouse, former spouse, child, or other dependent of a participant, and

"(II) is made pursuant to State domestic relations law (including a community property law)."

There is no dispute over the fact that the court's order relates to "alimony payments" as required in ERISA Section 1056(d)(3)(B)(ii)(I). The court of appeals below, however, held that the order was not made pursuant to a state domestic relations law and thus did not satisfy ERISA Section 1056(d)(3)(B)(ii)(II). In reading R.C. 3113.21(D)(3), the court noted that the statute describes only the withholding of ordered alimony payments from numerous governmental pension plans.

R.C. 3113.21(D)(3) (now renumbered [3][a]) provides:

"If the court * * * determines that the obligor is receiving any pension, annuity, allowance, or other benefit or is to receive or has received a warrant refunding his individual account from the public employees retirement system [or other specified governmental retirement fund], * * * the court may issue an order requiring the public employees retirement board [or other appropriate controlling entity] * * * to withhold from the obligor's pension, annuity, allowance, other benefit, or warrant a specified amount for support in satisfaction of the support order, to begin the withholding one week after receipt of the order, and to continue the withholding at intervals determined by the court in its order until further order of the court. * * *"

R.C. 3113.21, however, is not limited to the withholding of pension benefits for the payment of alimony and support from governmental pension plans alone. R.C. 3113.21(D)(4) (now renumbered [4][a]) provides:

"If the court * * * determines that the obligor is receiving *any form of income, including, but not limited to,* disability or sick pay, insurance proceeds, lottery prize awards, [etc.], * * * the court may issue an order requiring the person who pays or otherwise distributes the income to the obligor to withhold from the obligor's income a specified amount for support in satisfaction of the support order, to begin the withholding one week after receipt of the order, and to continue the withholding at intervals determined by the court in its order until further order of the court. * * *" (Emphasis added.)

Under the court of appeals' ruling in this case, no QDRO could issue until the General Assembly has enacted a statute which specifically authorizes the withholding of benefits from ERISA-governed pension plans. The legislative history of ERISA Section 1056(d)(3) gives no indication that the "State domestic relations law" requirement of Section 1056(d)(3)(B)(ii)(II) was to be so strictly construed. See 1984 U.S. Code Cong. & Admin. News 2564-2569. Indeed, since the enactment of Section 1056(d)(3) in 1984 there appears to have been only one case holding that an order attaching ERISA pension benefits is not a QDRO because it was not made pursuant to state domestic relations law. *Stinner* v. *Stinner* (1987), 362 Pa. Super. 219, 226, 523 A. 2d 1161, 1164 (holding that because the order therein was based on a property settlement it was rendered "pursuant to general rules pertaining

64

to the enforcement of contracts and not by virtue of any domestic relations law"). R.C. 3113.21(D)(4) authorizes the withholding of "any form of income, including, but not limited to" the items listed therein. Appellee's pension benefits, like all benefits provided under ERISA-governed pension plans, are clearly a "form of income" within the language of this statute. Thus, we conclude that R.C. 3113.21(D)(4) authorizes the trial court to issue an order withholding benefits from an ERISA-governed pension plan, *i.e.*, to issue a QDRO. The court of appeals decision is reversed and the case is remanded for enforcement of the order if it meets the other requirements of a QDRO.[1]

*Judgment reversed and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, H. BROWN and RESNICK, JJ., concur.

[1] In addition to the formal requirements of a QDRO, such an order must not: (1) require a plan to provide any type or form of benefit, or any option, not otherwise provided under the plan, (2) require the plan to provide increased benefits, or (3) require payment of benefits to an alternate payee that are required to be paid to another alternate payee under a previously existing QDRO. ERISA Section 1056(d)(3)(D). Whether the attachment order complies with these other requirements has not been passed on by the court below, and thus we express no opinion in this regard.