[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This case is an appeal by Michael Lamb, Appellant, from a Qualified Domestic Relations Order ("QDRO") issued by the Court of Common Pleas of Paulding County. Although this case was originally assigned to the accelerated docket, we elect to issue the following opinion pursuant to Loc.App.R. 12(5).
On March 30, 1998, the Court of Common Pleas of Paulding County entered a Judgment Entry Decree of Divorce dissolving the marriage contract between Sheri and Michael Lamb and distributing the parties' property. During the parties' twenty year marriage, Michael Lamb was employed at General Motors. Consequently, as a part of the divorce decree, Sheri Lamb, Appellee, was awarded:
 50% of the marital interest (3-18-78 through 2-24-98) in all retirement benefits (regardless of how such benefits are designated, whether accrued or unaccrued) sponsored by General Motors Corporation, including survivor's benefits.
In order to effectuate the distribution of the pension, the court's decree ordered the preparation and filing of a Qualified Domestic Relations Order ("QDRO"). The QDRO was required to comply with "all plan requirements and be modifiable if necessary to provide for conformance."
On July 14, 1998, the trial court journalized a QDRO which was apparently drafted by Sheri Lamb's counsel (it displayed his signature) but lacked the approval or signature of Michael Lamb's attorney. The QDRO provided, in relevant part:
 The Order assigns to Alternate Payee [Sheri Lamb] an amount equal to the actuarial equivalent of Fifty Percent (50%) of the Marital Portion of the Participant's [Michael Lamb's] benefits under the Plan as of the Participant's benefit commencement date, or the Alternate Payee's benefit commencement date, if earlier. The Marital Portion shall be determined by multiplying the Participant's benefits by a fraction, the numerator of which is the number of months of the Participant's participation in the Plan earned during the marriage (from 3-18-78 to 2-24-98), and the denominator of which is the total number of months of the Participant's participation in the Plan as of the earlier of Participant's date of cessation of benefit accruals or the date that Alternate Payee commences her share of the benefits.
The QDRO also provided survivorship benefits for Appellee.
Appellant appeals from the QDRO issued by the trial court, assigning three errors for our review:
I.
 The trial court abused its discretion when it signed and filed a Qualified Domestic Relations Order (QDRO) which Plaintiff-Appellee's counsel submitted to the trial court, ex parte, and without notice to Defendant-Appellant and his counsel, all to the prejudice of Defendant-Appellant.
II.
 After each party submitted a QDRO to the trial court at the trial court's request, the trial court abused its discretion in signing and filing a QDRO without a hearing, all to the prejudice of Defendant-Appellant. The trial court's attitude was unreasonable, arbitrary, and unconscionable.
III.
 The trial court denied Defendant-Appellant his constitutional right to due process of law by signing and filing a court order without notice and without hearing, all to the prejudice of Defendant-Appellant.
Because we find the QDRO appealed from in this case is not a final and appealable order, we will not reach the merits of Appellant's assignments of error.
Retirement and pension benefits acquired by either spouse during a marriage are marital property subject to equitable division in a divorce action. R.C. 3105.171(A)(3)(a)(i); Hoyt v.Hoyt (1990), 53 Ohio St.3d 177. To effectuate the distribution of pension benefits in accordance with the property division awarded in a divorce decree, a trial court may employ the use of a QDRO. The Ohio Supreme Court has held that a domestic relations court has the authority to issue a QDRO attaching benefits provided under pension plans qualifying under ERISA. Taylor v. Taylor
(1989), 44 Ohio St.3d 61, syllabus. Thus, the QDRO allows for the "transfer of retirement benefit to an alternate payee (generally the former spouse) without triggering the anti-assignment or alienation provision of a retirement plan." Hoyt,53 Ohio St.3d at 180.
However, standing alone, the QDRO in this case is not a final and appealable order. R.C. 2505.02[1] describes a final order as an order "that affects a substantial right made in a special proceeding * * *." An action for divorce and the ancillary issues related to divorce are "special statutory proceedings."State ex rel. Papp v. James (1994), 69 Ohio St.3d 373, 379; seePolikoff v. Adam (1993), 67 Ohio St.3d 100, 107-108. While the QDRO was related to a special proceeding in that it originated from a divorce action, the QDRO in this case does not affect a substantial right of the parties in that it merely mimics the order of the original divorce decree. The original divorce decree was the order which established the parties property distribution and provided for an equitable pension division. This is the order which determined the rights of the parties. The QDRO in this case differs in no way from the divorce decree and is itself a ministerial tool used by the trial court in order to aid the relief that the court had previously granted. See Tarbert v.Tarbert (September 27, 1996), Clark App. No. 96-CA-0036. Indeed a QDRO may not vary from, enlarge, or diminish the relief that the court granted in the divorce decree, since that order which provided for the QDRO has since become final. Id.
We note that should any errors arise regarding the terms of the QDRO and the divorce decree, it is generally within the trial court's authority to clarify the QDRO. While a court does not have continuing jurisdiction to modify a martial property division incident to a divorce decree, the court may clarify the original property division so as to effectuate its judgment. See R.C.3105.171(I); Ricketts v. Ricketts (1996), 109 Ohio App.3d 746,751; Haller v. Haller (Mar. 18, 1996), Warren App. No. CA95-06-063, unreported. Moreover, "a domestic relations court, in the interest of fashioning a fair and equitable award, may deal with the pension and retirement benefits flexibly, including reserving authority to modify a QDRO." Schrader v. Schrader
(1995), 108 Ohio App.3d 25, 28 citing Hoyt,53 Ohio St.3d at 179-180. Finally, Civ.R. 60(A) also allows the court to correct clerical mistakes that may have been made in a legal decision or judgment.
For the foregoing reasons, we find that the judgment from which Appellant appeals in this case is not a final and appealable order. Appellant's appeal is dismissed.
Appeal dismissed.
 HADLEY and BRYANT, JJ., concur.
[1] The version of R.C. 2505.02 discussed in our opinion was the version in effect when the final divorce decree and QDRO were entered. We note that former R.C. 2505.02 has since been repealed pursuant to Sub.H.B. No. 394 which replaced it with amended R.C. 2505.02, effective July 22, 1998.