DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas, Juvenile Division, in a case involving the collection of child support arrearages. Because we conclude that the trial court did not err in denying appellants' motion to vacate, we affirm.
 {¶ 2} On March 7, 2001, appellant, Lucas County Child Support Enforcement Agency, ("LCCSEA"), brought an action on behalf of appellant, Thelmond Smith, against appellee, Angela L. Smith, seeking a determination of support for the couple's minor child, Lakeesha, born in 1992 prior to the parties' marriage. Although the parties had married in August 2000, they were living separate and apart at the time of LCCSEA's filing. On May 16, 2001, the juvenile court magistrate conducted a hearing and ultimately ordered Mr. Smith to pay $409.37 plus fees per month in child support beginning on June 1, 2001. No objections to this decision were filed. The trial court adopted the magistrate's decision and no appeal was taken.
 {¶ 3} Also on May 16, 2001, Mrs. Smith filed a form with the juvenile court seeking retroactive child support for 1992 to 2000, the time prior to the marriage. Mrs. Smith checked both the "complaint" box and the "motion" box on the form and entered the same case number assigned to LCCSEA's original complaint. On September 13, 2001, a magistrate conducted a hearing and ordered Mr. Smith to pay an additional $293.99 plus fees per month for retroactive support. Again no objections to the magistrate's report were filed. On October 31, 2001, the juvenile court adopted this decision.
 {¶ 4} Meanwhile, on September 21, 2001, the parties filed for divorce in the Lucas County Court of Common Pleas, Domestic Relations Division. In an entry journalized on January 25, 2002, apparently without knowledge of the previously established child support orders, the domestic relations court ordered temporary child support and past due child support in the amount of $562.49 per month.
 {¶ 5} On March 6, 2002, LCCSEA filed a motion on behalf of Mr. Smith in the juvenile court to vacate the October 31, 2001 award of retroactive child support. On April 19, 2002, the magistrate denied the motion to vacate. This report was filed on April 24, 2002, and adopted by the trial court on May 10, 2002.
 {¶ 6} Appellants now appeal that judgment setting forth the following two assignments of error:
 {¶ 7} "I. Whether the Court below erred, through its clerk's office, by failing to serve counsel of record with a copy of the Magistrate's April 24, 2002 Decision in order to provide counsel with an opportunity to timely object to said Magistrate's Decision.
 {¶ 8} "II. Whether the court erred as a matter of law by entering judgment in favor of Appellee on a second (2nd) Complaint under the same case number for retroactive child support all in contravention of R.C.3109.05, Civ.R. 7(A), Civ.R. 53(E)(3)(a), R.C. 2151.23(B)(4), R.C.2151.23(F)(2) and the Ohio Rules of Superintendence."
 I. {¶ 9} We will address appellants' assignments of error in reverse order. Appellants argue in their second assignment of error that the pleading filed by Mrs. Smith was designated as a complaint and, thus, is improper under the same case number as the original complaint filed by LCCSEA. Appellants also contend that any application for retroactive child support was improperly awarded.
 {¶ 10} Juvenile courts and domestic relations courts have concurrent jurisdiction over child support matters. See Albertson v.Ryder (1993), 85 Ohio App.3d 765. A juvenile court has jurisdiction over support issues if "the request is not ancillary to an action for divorce, dissolution or marriage, annulment, or legal separation * * *." R.C. 2151.23(A)(11). As between concurrent jurisdictions, however, the court in which an issue is first filed along with completed service of process has exclusive jurisdiction over such issue. See State ex rel.Bason v. Harnishfeger (1978), 55 Ohio St.2d 38, 40; Miller v. Court ofCommon Pleas (1944), 143 Ohio St. 68, 70.
 {¶ 11} In addition, although a domestic relations court may not award retroactive child support, a juvenile court may. See Trump v.Trump (1999), 136 Ohio App.3d 123, 128, fn. 2 (juvenile court provides proper remedy for seeking retroactive child support); Stacey S. v.Leonardo A. (May 11, 2001), Erie App. No. E-00-053 (child support enforcement agency has no authority to award retroactive child support; juvenile court has statutory authority for such award). Thus, contrary to appellants' assertions, the filing of a divorce action does not immediately extinguish the juvenile court's jurisdiction to award retroactive child support for the years preceding the parties' marriage.
 {¶ 12} In this case, the pleading filed by Mrs. Smith was a court-generated form which had both "complaint" and "motion" boxes checked. A review of the court docket shows that the court treated the pleading as a motion. Thus, appellants' argument that the pleading was a second complaint within the same case number is without merit.
 {¶ 13} We next note that Mrs. Smith's motion was filed prior to any proceedings commenced in the domestic relations court and concerned a period of time prior to the parties' marriage. Consequently, at the time of filing and service, the motion was not "ancillary to a divorce proceeding" and was properly maintained within the juvenile court's jurisdiction invoked by LCCSEA's original complaint to set child support. Finally, while we are mindful that two orders may now exist for current child support, unless the juvenile court is persuaded to relinquish jurisdiction, the father's remedy lies in a motion to vacate the order erroneously entered in the domestic relations court.
 {¶ 14} Accordingly, appellants' second assignment of error is not well-taken.
 II. {¶ 15} Appellants, in their first assignment of error, argue that the trial court erred in denying appellants' motion to vacate the original award of retroactive child support.
 {¶ 16} Appellants contend that the agency was denied the opportunity to file objections to the magistrate's April 19, 2002 decision, file stamped April 24, 2002, which is the denial of appellants' motion to vacate the October 31, 2001 order requiring father to pay retroactive child support. Appellants state that LCCSEA never received notice of this decision until May 15, 2002 of this decision, after it had already been approved by the trial court and journalized. The record contains nothing to show that appellants ever notified the juvenile court of this lack of notice. Appellants support this argument, however, by reference to a copy of the magistrate's decision which has an LCCSEA file stamp date of May 15, 2002, attached to the notice of appeal and appellate brief. Generally, the failure to present an issue to the trial court, prevents the consideration of that issue for the first time on appeal. See State v. Peagler (1996), 76 Ohio St.3d 496, paragraph one of the syllabus. In this case, since appellants' argument centers on the applicable law rather than facts not presented to the trial court, we will address the merits of appellants' appeal of the denial of the motion to vacate.
 {¶ 17} A successful motion for relief from judgment requires: 1) the existence of a meritorious defense; 2) that the movant is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and, 3) that the motion is timely brought. GTE Automatic Elect. v. ARCIndus. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. Where a meritorious defense is alleged and the matter timely raised, doubt should be resolved in favor of the motion to set aside the judgment. Id. at paragraph three of the syllabus. In these circumstances, failure to grant such a motion constitutes an abuse of discretion. Id. at 148. The movant's burden is to "allege a meritorious defense, not to prevail with the respect to the truth of the meritorious defense." Colley v. Bazell
(1980), 64 Ohio St.2d 243, 247, fn three.
 {¶ 18} In the present case, appellants argued in their motion to vacate the same issues argued on appeal: that Mrs. Smith's "complaint" was improperly filed; that the juvenile court had no jurisdiction to determine child support for the time prior to the marriage; and that the domestic relations court had exclusive jurisdiction over child support issues because the parties were married. We have already determined that these arguments are without merit.
 {¶ 19} Appellants' argument also addresses the merits of the trial court's October 31, 2001 decision to award retroactive child support. Appellants never filed objections to nor have they ever argue that LCCSEA did not receive notice of that decision. Consequently, appellants failed to establish any of the Civ.R. 60(B) grounds for relief or a meritorious defense. Therefore, we cannot say that the trial court abused its discretion in denying the motion to vacate.
 {¶ 20} Accordingly, appellants' first assignment of error is not well-taken.
 {¶ 21} The judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Court costs of this appeal are assessed to appellants.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Richard W. Knepper, J., Mark L. Pietrykowski, J., and George M.Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.