[Cite as *In re Adoption of K.A.T.*, 2017-Ohio-1435.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ADOPTION OF: K.A.T. | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J.<br><br>Case No. 16CAF110052<br><br>O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from Delaware County Court of<br>Common Pleas, Probate Division,<br>Case No. 16-03-0235-PAD |
| JUDGMENT: | Vacated and Remanded |
| DATE OF JUDGMENT ENTRY: | April 18, 2017 |

APPEARANCES:

| | |
|---|---|
| For Petitioner-Appellant<br>Anson Workman | For Respondent-Appellee |
| MINDY K. YOCUM<br>175 South Third St., Suite 1150<br>Columbus, Ohio 43215 | BILLY D. SWETNAM, JR., PRO SE<br>2280 Black Oak Dr.<br>Columbus, Ohio 43229 |

*Hoffman, P.J.*

**{¶1}** Petitioner-Appellant Anson Workman appeals the October 20, 2016 Judgment Entry on Consent entered by the Delaware County Court of Common Pleas, Probate Division, which found the consent of Respondent-Appellee Billy D. Swetnam, Jr. was required before the Petition for Adoption could be granted.

STATEMENT OF THE FACTS AND CASE

**{¶2}** Appellant is married to Suzanne Workman ("Mother"), who is the biological mother of K.A.T. (DOB 5/28/2004). Billy D. Swetnam, Jr. is K.A.T.'s biological father. Mother and Swetnam were never married.

**{¶3}** On March 7, 2016, Appellant filed a Petition for Adoption of Minor pursuant to R.C. 3107.05 in the Delaware County Court of Common Pleas, Probate Division. Therein, Appellant asserted Swetnam's consent was not required as Swetnam had "failed without justifiable cause to provide more than de minimis contact with the minor for a period of at least one year immediately preceding the filing of the adoption petition or the placement of the minor in the home of the petitioner" and had "failed without justifiable cause to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition or the placement of the minor in the home of the petitioner."

**{¶4}** On March 23, 2016, the trial court filed a handwritten letter it had received from Swetnam. In the letter, Swetman advised the trial court he had a juvenile case involving K.A.T. pending in Franklin County and Mother was filing the adoption against his wishes and trying to do so without his knowledge.

{¶5} Petitioner filed an amended petition on April 6, 2016. Via Judgment Entry filed April 7, 2016, the trial court scheduled a hearing on the petition for September 7, 2016, and appointed an investigator.

{¶6} At the hearing, Mother testified Swetnam's visitation rights with K.A.T. were established in 2009. She noted he never regularly visited his daughter, and the last time he saw the child was May 6, 2015. Mother continued Swetnam did not exercise his visitation between May 8, 2015, and February 10, 2016. Mother added Swetnam had never paid child support on a regular basis despite court orders in 2010, and 2013. When Swetnam did make child support payments, they were not the entire amount of his obligation. Swetnam did not provide any other support for the child, and did not send letters, cards, or gifts. Mother denied ever interfering with Swetnam's visitation or concealing the child's whereabouts. Mother explained when Swetnam arrived for his scheduled visitation in February, 2016, K.A.T. refused to go with him.

{¶7} Appellant testified regarding the financial and emotional support he provides to K.A.T. He corroborated Mother's account of Swetnam's failure to visit and support the child. Appellant denied threatening Swetnam or filing for a restraining order against him. Appellant added Swetnam only wanted a role in K.A.T.'s life after Appellant and Mother were married. Appellant maintained he had never denied Swetnam visitation.

{¶8} Thereafter, Swetnam took the stand. After noting Swetnam made "fairly regular payments from the middle of December of 2014 through the middle, March of 2014 [sic]," the trial court asked Swetnam "what's happening with the child support." Transcript of Sept. 7, 2016 Proceedings at 35-36. Swetnam explained he suffered an

on-the-job injury in March, 2014, and had been receiving worker's compensation benefits, however, his payments stopped in March, 2015, as his employer was contesting his entitlement. He presented substantial documentation relative to his worker's compensation case, including Physician's Reports of Work Ability (BWC Form 3914). The documents established his physician had not released him to work from October, 2014, through June, 2015. Swetnam indicated his physician had still not cleared him to return to work, however, he was unable to find the most current form.

{¶9} Swetnam also discussed his attempts to visit K.A.T. In 2015, he began to contact the Westerville Police Department and request an officer accompany him to Mother's residence to ensure visitation would occur. Swetnam produced at least nine (9) incident reports confirming his testimony. Swetnam added, after October, 2015, he did not know where the child was residing. When he visited the address he had previously visited, the home was condemned and Mother and the child were not residing there. He located the new address in early 2016. Swetnam attempted to pick up K.A.T. for visitation on February 12, 2016, however, K.A.T. refused to go with him. Swetnam did not attempt further visitation thereafter.

{¶10} At the end of the hearing, the trial court asked Swetnam if he had located the current forms, stating:

> If you have located, frankly, Ms. Yocum (Counsel for Appellant), I'm scratching the rules of evidence here a bit, but for the purposes of a proceeding like this, I'm willing to do that. If you locate the workers

compensation's physician's report, it takes over from June 15th of '15, I can support that the Court have a copy of that if you find it.

[SWETNAM]: If it's not currently—

JUDGE HEJMANOWSKI: Even if you need to print it new and get it to us.  It's important for the Court to know whether there is any medical documentation that suggests that you are unable to work during that time period.

[SWETNAM]: Yeah, I can print it from the website if there's a printer.

Tr. at 74.

**{¶11}**  At approximately 4:25 p.m. on the day of the hearing, September 7, 2016, the following documents were filed: Physician's Report of Work Ability for Billy Swetnam; nine (9) incident reports from the Westerville Police Department, one (1) incident run sheet from Delaware County Emergency Communications, and a preliminary investigation report from the Columbus Police Department; Report – Ohio  Bureau of Workers' Comp – Pay History; Report – Ohio  Bureau of Workers' Comp – Review Hearing and Appeals Dates; Report – Ohio  Bureau of Workers' Comp – Return to Work; Report – Ohio  Bureau of Workers' Comp – Physician's Report of Work Ability; and Report – Ohio  Bureau of Workers' Comp – Claim Status - Active.  A certificate of service did not accompany these filings.

**{¶12}**  Via Judgment Entry on Consent filed October 20, 2016, the trial court found Swetnam's consent was required for the adoption of K.A.T. by Appellant.

{¶13} It is from this judgment entry Appellant appeals, raising the following assignments of error:

I. THE TRIAL COURT ERRED IN ACCEPTING EVIDENCE AFTER THE HEARING WITHOUT OPPORTUNITY FOR ALL PARTIES TO REVIEW AND MAKE APPROPRIATE OBJECTIONS/ARGUMENTS.

II. THE TRIAL COURT'S DECISION IS NOT BASED ON SUBSTANTIAL EVIDENCE.

{¶14} This case comes to us on the expedited calendar and shall be considered in compliance with App. R. 11.2(C).

I

{¶15} In his first assignment of error, Appellant contends the trial court erred in accepting evidence after the hearing without providing him a chance to review and make appropriate objections/arguments.

{¶16} During the course of the hearing, Swetnam explained he had stopped making his child support payments because he had been injured and had been receiving worker's compensation benefits, but his worker's compensation payments stopped in March, 2015, as his employer was contesting his entitlement to benefits. Swetnam provided the trial court with some older documentation relative to his worker's compensation matter. However, he was unable to locate the most recent documentation, which confirmed he had not yet been released to work.

**{¶17}** As stated, supra, at the end of the hearing, the trial court asked Swetnam if he had located the current documents, and stated it was "scratching the rules of evidence here a bit." Tr. at 74. The trial court told Swetnam, "If you locate the workers compensation's physician's report, it takes over from June 15th of '15, I can support that the Court have a copy of that if you find it. …Even if you need to print it new and get it to us." *Id.* Tr. at 74.

**{¶18}** Late afternoon on the day of the hearing, September 7, 2016, the documents Swetnam presented during the hearing as well as the ones he could not locate were filed with the court. A certificate of service did not accompany these filings.

**{¶19}** We sustain Appellant's assignment of error. Although the trial court advised the parties it was "scratching the rules of evidence here a bit", and counsel for Appellant failed to object, we find such procedure violated Appellant's right to due process. Appellant was not provided an opportunity to view the additional evidence regarding Swetnam's return to work date, verify or object to it, or argue as to its evidentiary value.

**{¶20}** Accordingly, we vacate the trial court's October 20, 2016 Judgment Entry. The Delaware County Clerk of Courts is instructed to forward copies of the following exhibits to Appellant: Physician's Report of Work Ability for Billy Swetnam filed September 7, 2016 (Docket #39); Report – Ohio Bureau of Workers' Comp – Pay History filed September 7, 2016 (Docket #41); Report – Ohio Bureau of Workers' Comp – Review Hearing and Appeals Dates filed September 7, 2016 (Docket #42); Report – Ohio Bureau of Workers' Comp – Return to Work filed September 7, 2016 (Docket #43); Report – Ohio Bureau of Workers' Comp – Physician's Report of Work Ability filed September 7, 2016 (Docket #44); and Report – Ohio Bureau of Workers' Comp – Claim Status - Active filed

September 7, 2016 (Docket #45).  Appellant will have fourteen (14) days to file any arguments and/or objections to these exhibits. Following its review of Appellant's arguments and/or objections, and Swetnam's response thereto, the trial court is ordered to redecide the issue of the necessity of Swetnam's consent via a new judgment entry.

{¶21}  Appellant's first assignment of error is sustained.

II

{¶22}  In light of our disposition of Appellant's first assignment of error, we find Appellant's second assignment of error to be premature.

{¶23}  The judgment of the Delaware County Court of Common Pleas, Probate Division, is vacated and the matter remanded for further proceedings consistent with this Opinion and the law.

By: Hoffman, P.J.

Wise, John, J.  and

Baldwin, J. concur