[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Bohlen v. Halliday*, Slip Opinion No. 2021-Ohio-194.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-194

THE STATE EX REL. BOHLEN ET AL. *v.* HALLIDAY, JUDGE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Bohlen v. Halliday*, Slip Opinion No. 2021-Ohio-194.]

*Prohibition—Compensation trial in eminent-domain proceeding cannot commence during pendency of property owner's R.C. 163.09(B)(3) appeal of appropriation decision—Writ granted.*

(No. 2020-1245—Submitted January 12, 2021—Decided January 27, 2021.)

IN PROHIBITION.

_____

**Per Curiam.**

{¶ 1} Relators, Ronald and Barbara Bohlen, Michael and Misty Burns, Ryan and Denay May, and Jeffrey and Holly Dexter, own property over which Ohio Power Company ("Ohio Power") seeks to take easements by eminent domain. Respondent, Washington County Court of Common Pleas Judge John M. Halliday, ruled that Ohio Power's takings were necessary for a public use. Relators timely

appealed that decision to the Fourth District Court of Appeals under R.C. 163.09(B)(3). Notwithstanding relators' appeal, Judge Halliday has scheduled a trial to commence on March 2, 2021, on the issue of the compensation Ohio Power must pay to relators for the takings. Relators seek a writ of prohibition to prevent Judge Halliday from moving forward with the compensation trial pending the disposition of their appeal to the Fourth District. We grant the writ.

## I. Overview of Ohio's Eminent-Domain Procedure

{¶ 2} After an appropriating agency files a petition to take property by eminent domain, the property owner may assert specific denials to, among other things, the necessity of the appropriation. R.C. 163.08. In the first phase of the ensuing proceeding, the court must hold a hearing and rule on the denials. R.C. 163.09(B)(1).

{¶ 3} If the court rules in favor of the appropriating agency, then the case proceeds to a second phase, at which the amount of compensation owed to the property owner is determined in a jury trial. R.C. 163.09(B)(2). The trial court's duty to proceed with the compensation trial, however, is "subject to the * * * right of the owner to an immediate appeal under [R.C. 163.09(B)(3)]." *Id.*; *see also* R.C. 2505.02(B)(7) (defining "final order" to include "[a]n order in an appropriation proceeding that may be appealed pursuant to" R.C. 163.09(B)(3)). The issue in this case is whether a landowner's appeal taken under R.C. 163.09(B)(3) divests the trial court of jurisdiction to proceed with a compensation trial while the appeal is pending.

## II. Factual and Procedural Background

{¶ 4} On January 14, 2020, Ohio Power filed complaints for appropriation and condemnation of easements against relators in the Washington County Court of Common Pleas. Ohio Power seeks the easements for the installation and construction of a high-voltage transmission line. Relators denied the necessity of

the appropriations under R.C. 163.08 on the ground that Ohio Power sought easements in excess of those reasonably necessary for the construction project.

{¶ 5} Judge Halliday consolidated the cases for a hearing on the necessity of the appropriations, which was held on August 10, 2020. On September 2, he determined that Ohio Power was entitled to an "irrebuttable presumption of the necessity for the appropriation" under R.C. 163.09(B)(1)(c), by virtue of the Ohio Power Siting Board's approval of Ohio Power's construction project. He also found that the takings were necessary and for a public use.

{¶ 6} Relators appealed Judge Halliday's necessity determination to the Fourth District under R.C. 163.09(B)(3). On September 30, Judge Halliday issued an order setting a compensation trial to begin on March 2, 2021. In the order, Judge Halliday rejected relators' argument that he lacked jurisdiction to proceed while their appeal to the Fourth District was pending. Relators commenced this action on October 13, seeking a writ of prohibition to prevent Judge Halliday from holding the compensation trial while their appeal is pending.

### III. Procedural Motions

#### A. Motions for Leave to File Amicus Briefs

{¶ 7} Amici curiae, Ohio Farm Bureau Federation, Inc., Buckeye Power, Inc., and Columbia Gas of Ohio, Inc., seek leave to file amicus briefs instanter. An amicus curiae may participate with leave of court during the motion-to-dismiss stage of an extraordinary-writ proceeding filed in this court. *See, e.g., State ex rel. Greene Cty. Bd. of Commrs. v. O'Diam*, 156 Ohio St.3d 458, 2019-Ohio-1676, 129 N.E.3d 393, ¶ 8. As in *O'Diam*, the amici curiae in this case have filed procedurally proper and unopposed motions for leave to file their amicus briefs. We therefore grant the motions.

#### B. Ohio Power's Motion to Intervene as a Respondent

{¶ 8} Ohio Power has moved to intervene as of right in this action under Civ.R. 24(A)(2) or, in the alternative, permissively under Civ.R. 24(B). As a

general rule, we construe Civ.R. 24 liberally to permit intervention. *State ex rel. Merrill v. Ohio Dept. of Natural Resources*, 130 Ohio St.3d 30, 2011-Ohio-4612, 955 N.E.2d 935, ¶ 41. Under Civ.R. 24(A)(2), when intervention is timely sought and disposition of the action may impair the applicant's ability to protect its interest, intervention must be granted unless the applicant's interest is adequately represented by an existing party.

{¶ 9} In this case, Ohio Power's motion to intervene is timely, as it was filed just ten days after relators filed their complaint. And because this action, if successful, would prevent Ohio Power from proceeding with the compensation phase of the appropriation proceedings, it has an interest that could be impaired as a result of this case. Finally, although Judge Halliday and Ohio Power both oppose relators' complaint, Judge Halliday, as the judge in the underlying matter, must remain impartial, which means that his interest cannot be said to fully align with Ohio Power's interest. We therefore grant Ohio Power's motion to intervene under Civ.R. 24(A)(2).

### C. Ohio Power's Motion for Leave to File
### Notice of Relators' Second Appeal

{¶ 10} Ohio Power has filed a motion for leave to file notice of relators' second appeal to the Fourth District, in which relators appeal Judge Halliday's order setting the compensation trial for March 2, 2021. We deny Ohio Power's motion.

{¶ 11} The issue to be decided in this prohibition action is whether a trial court lacks jurisdiction to proceed with a compensation trial in an eminent-domain case when the landowners have appealed from a necessity determination under R.C. 163.09(B)(3). Relators' appeal from a separate order issued by Judge Halliday, in which he set a trial date, is irrelevant to this issue. Moreover, Ohio Power is seeking to offer evidence outside the pleadings, which is not proper at this stage of the proceeding. *See State ex rel. Findlay Publishing Co. v. Schroeder*, 76 Ohio St.3d 580, 581, 669 N.E.2d 835 (1996).

## IV. Writ of Prohibition

{¶ 12} Judge Halliday has filed a motion to dismiss relators' complaint under Civ.R. 12(B)(6) and Ohio Power has filed a motion for judgment on the pleadings under Civ.R. 12(C).[1] Dismissal under Civ.R. 12(B)(6) is appropriate when it appears beyond doubt, after presuming the truth of all material factual allegations in the complaint and making all reasonable inferences in the relators' favor, that relators are not entitled to extraordinary relief in prohibition. *State ex rel. Zander v. Judge of Summit Cty. Common Pleas Court*, 156 Ohio St.3d 466, 2019-Ohio-1704, 129 N.E.3d 401, ¶ 4. The standard for a Civ.R. 12(C) motion is similar: dismissal is appropriate when the court, construing all material allegations in the complaint as true, determines that the relators can prove no set of facts that would entitle them to relief. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996).

{¶ 13} To obtain a writ of prohibition, relators must show that (1) Judge Halliday is about to exercise judicial power, (2) the exercise of that power is unauthorized by law, and (3) they lack an adequate remedy in the ordinary course of law. *State ex rel. Bates v. Court of Appeals for Sixth Appellate Dist.*, 130 Ohio St.3d 326, 2011-Ohio-5456, 958 N.E.2d 162, ¶ 11. But if jurisdiction is patently and unambiguously lacking, relators need not establish the lack of an adequate remedy in the ordinary course of law. *Id.* at ¶ 12.

{¶ 14} There is no dispute that Judge Halliday intends to exercise judicial power by proceeding with a compensation trial on March 2, 2021. The dispute is

---

1. Ohio Power attached its motion for judgment on the pleadings, along with an answer to relators' complaint, to its motion to intervene. Relators have not filed a response to the motion for judgment on the pleadings, and for good reason: under S.Ct.Prac.R. 12.04(B)(1), only a *respondent* may file a motion for judgment on the pleadings at the time an answer is filed. Thus, as a technical matter, Ohio Power's motion for judgment on the pleadings was not before the court until we granted its motion to intervene as a respondent, which we have done today. Nevertheless, the issues raised in Ohio Power's motion for judgment on the pleadings are nearly identical to those in Judge Halliday's motion to dismiss, and we therefore address them here.

over whether he lacks jurisdiction to proceed with the trial while relators' appeal from the necessity ruling under R.C. 163.09(B)(3) is pending. Relators contend that jurisdiction is patently and unambiguously lacking because (1) R.C. 163.09(B)(2) divests the trial court of jurisdiction to proceed and (2) proceeding with a compensation trial during the pendency of an appeal of the necessity determination is inconsistent with the Fourth District's appellate jurisdiction. We agree.

*A. "Subject to" Language in R.C. 163.09(B)(2)*

{¶ 15} R.C. 163.09(B)(2) provides:

Subject to the irrebuttable presumption in division (B)(1)(c) of this section, only the judge may determine the necessity of the appropriation. If, as to any or all of the property or other interests sought to be appropriated, the court determines the matters in favor of the agency, the court shall set a time for the assessment of compensation by the jury not less than sixty days from the date of the journalization of [the trial court's] determination, *subject to* the right of the parties to request mediation under section 163.051 of the Revised Code *and the right of the owner to an immediate appeal under division (B)(3) of this section.*

(Emphasis added.)

{¶ 16} "When analyzing statutory provisions, our paramount concern is to ascertain and give effect to the intention of the General Assembly." *State v. Vanzandt*, 142 Ohio St.3d 223, 2015-Ohio-236, 28 N.E.3d 1267, ¶ 7. In ascertaining legislative intent, we start with the plain and ordinary meaning of the statutory language. *State v. Mohamed*, 151 Ohio St.3d 320, 2017-Ohio-7468, 88 N.E.3d 935, ¶ 13. The phrase "subject to" has the plain and ordinary meaning of

"contingent or conditional upon." *In re S.N.V.*, 10th Dist. Franklin No. 09AP-432, 2009-Ohio-4219, ¶ 7; *see also Purdin v. Hitchcock*, 4th Dist. Adams No. CA 531, 1993 Ohio App. LEXIS 505, *10 (Jan. 21, 1993), citing *Webster's New World Dictionary* 1333 (3d Ed.1988). Thus, the trial court's duty to proceed with the compensation trial is "contingent or conditional upon" the landowner's right to take an immediate appeal allowed by R.C. 163.09(B)(3), as well as the parties' right to opt for mediation under R.C. 163.051.

{¶ 17} The natural meaning of R.C. 163.09(B)(2) is that if the landowner appeals from a necessity determination, the trial court's ability to hold a compensation trial is extinguished until the appeal is decided. If the compensation trial could go forward at the same time as the landowner's appeal of right provided in R.C. 163.09(B)(3), there would have been no reason for the General Assembly to include the "subject to" language in R.C. 163.09(B)(2). We therefore hold that the compensation trial in an eminent-domain proceeding cannot commence during the pendency of a property owner's R.C. 163.09(B)(3) appeal of the appropriation decision.

{¶ 18} Judge Halliday argues that the "subject to" language in R.C. 163.09(B)(2) "relates to the burden of proof in R.C. 163.09(B)(1)(c)." But Judge Halliday's interpretation is problematic because it focuses on the first sentence of R.C. 163.09(B)(2), which states that the judge's determination of necessity is "subject to" the irrebuttable presumption described in R.C. 163.09(B)(1)(c).[2] This case, however, is about the *second* sentence of R.C. 163.09(B)(2), which expressly states that the trial court's duty to proceed with the compensation trial is "subject to" the parties' right to request mediation and "the right of the owner to an immediate appeal" under R.C. 163.09(B)(3).

---

2. R.C. 163.09(B)(1)(c) provides: "Approval by a state or federal regulatory authority of an appropriation by a public utility or common carrier creates an irrebuttable presumption of the necessity for the appropriation."

{¶ 19} Judge Halliday also cites *Cincinnati Gas & Elec. Co. v. Pope*, 54 Ohio St.2d 12, 374 N.E.2d 406 (1978), in which we held that a trial court's order in favor of an appropriating agency on the necessity issue is reviewable only after the trial court has disposed of the entire case. *Id.* at syllabus. But *Pope* involved an earlier version of R.C. 163.09(B). The General Assembly amended R.C. 163.09(B) in 2007, adding the landowner's right to immediately appeal a necessity determination in R.C. 163.09(B)(3) and making the trial court's duty to proceed with the compensation trial "subject to" that right to appeal. 2007 Am.Sub.S.B. No. 7.

{¶ 20} Ohio Power's statutory-interpretation arguments are likewise unpersuasive. In arguing that the "subject to" language in R.C. 163.09(B)(2) does not divest the trial court of jurisdiction to proceed with the compensation trial, Ohio Power points to R.C. 163.19, which states:

> Subject to sections 163.07 and 163.09 of the Revised Code, any party may prosecute appeals as in other civil actions from the judgment of the court.
>
> The owner may request, and the court may grant, a stay on appeal, provided that the owner posts a supersedeas bond in an amount the court determines.

{¶ 21} Ohio Power argues that this statute "leaves to the trial court's discretion" whether to stay further proceedings after a landowner appeals a necessity determination under R.C. 163.09(B)(3). This interpretation falls short, however, because R.C. 163.19 does not apply to the appeal authorized by R.C. 163.09(B)(3). R.C. 163.19 applies to appeals from "the judgment of the court," which is the *final* judgment after the court has determined *both* the validity of the taking *and* the amount of compensation due to the landowner.

{¶ 22} This understanding of R.C. 163.19 is bolstered by the General Assembly's amendments to the eminent-domain statutes in 2007 Am.Sub.S.B. No. 7. Prior to the 2007 amendments, R.C. 163.09 and 163.19 precluded immediate appellate review of an order in favor of the appropriating agency on various preliminary issues, including the necessity of the taking. *See Pope*, 54 Ohio St.2d 12, 374 N.E.2d 406, at syllabus. Under the former versions of those statutes, the owner could appeal "only after a jury ha[d] assessed compensation and damages and the trial court enter[ed] an order * * *, *which dispose[d] of the whole case*." (Emphasis added.) *Id.* As noted above, however, the General Assembly amended R.C. 163.09(B)(3) in 2007 to allow the landowner to appeal an interlocutory order in favor of the appropriating agency on one or more preliminary matters and made the trial court's ability to proceed with the compensation trial "subject to" that appeal. The General Assembly did not, however, make R.C. 163.19 applicable to an "order" issued under R.C. 163.09(B). It retained the term "judgment" in R.C. 163.19 from the pre-2007 Am.Sub.S.B. No. 7 version, signaling that the appeal specified in that statute was the landowner's appeal from the *final* judgment adjudicating both the validity of the taking and the compensation due.

{¶ 23} Ohio Power also contends that the compensation trial must be permitted to go forward because of the public policy to "advance public projects through litigation with all possible speed." Ohio Power argues that if this court holds that a trial court lacks jurisdiction to proceed while the landowner's R.C. 169.03(B)(3) appeal is pending, "any landowner could stall the trial by simply lodging an appeal," thereby undercutting the public policy favoring the expeditious litigation of eminent-domain matters. This argument is unpersuasive, however, given the General Assembly's 2007 amendment allowing an immediate appeal of right for the landowner when such a right had not existed previously and expressly providing that the trial court's duty to go forward with the compensation trial was "subject to" that appeal. Had the General Assembly intended the compensation

trial to always go forward following the first phase of an eminent-domain proceeding, it is difficult to imagine why it would have allowed for an immediate appeal *at all*, much less specified that the trial court's duty to go forward with the compensation trial is "subject to" the landowner's appeal.

{¶ 24} Moreover, the General Assembly's inclusion of exceptions to the right to appeal in R.C. 169.03(B)(3) shows that it was cognizant of the public policy to expeditiously advance eminent-domain cases. R.C. 163.09(B)(3) does *not* allow an immediate appeal when certain exigencies exist or when the taking is for certain purposes. In these situations, a landowner must wait until the final judgment before appealing the preliminary orders. Thus, the General Assembly specified the circumstances under which the expeditious advancement of an eminent-domain case takes precedence over the property owner's right to appeal. The appropriations in this case do not fall under any of the exceptions to the owner's right to immediate appeal under R.C. 163.09(B)(3).

## B. A Compensation Trial During the Pendency of an R.C. 163.09(B)(3) Appeal Is Inconsistent with the Court of Appeals' Jurisdiction

{¶ 25} Our interpretation of the "subject to" language in R.C. 163.09(B)(2) is bolstered by common-law principles governing the trial court's jurisdiction when an appeal is taken. "[W]e have consistently held that once an appeal is perfected, the trial court is divested of jurisdiction over matters that are inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment." *State ex rel. Rock v. School Emps. Retirement Bd.*, 96 Ohio St.3d 206, 2002-Ohio-3957, 772 N.E.2d 1197, ¶ 8. This principle applies to interlocutory appeals of final orders as well as to final judgments. *See Yee v. Erie Cty. Sheriff's Dept.*, 51 Ohio St.3d 43, 44, 553 N.E.2d 1354 (1990). Thus, the timely filing of a notice of appeal generally precludes a trial court from taking further action on claims that are affected by the appeal. *See State ex rel. Electronic Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas*, 129 Ohio St.3d 30, 2011-Ohio-626, 950 N.E.2d 149, ¶ 14.

{¶ 26} Judge Halliday lacks jurisdiction to proceed with the compensation trial because the issues to be adjudicated there are currently within the Fourth District's appellate jurisdiction. Because relators have appealed the necessity of the takings, the scope of the property rights that must be valued at a compensation trial is squarely before the Fourth District. Indeed, should the Fourth District reverse or modify Judge Halliday's judgment, the amount of compensation would be based on the scope of the takings as determined by the Fourth District. The trial court's proceeding with a compensation trial while relators' appeal is pending is therefore inconsistent with the Fourth District's jurisdiction to reverse, modify, or affirm Judge Halliday's judgment. *See Electronic Classroom of Tomorrow* at ¶ 6 and 18 (trial court patently and unambiguously lacked jurisdiction to proceed with trial on claims affected by a defendant's appeal of a ruling denying leave to raise a political-subdivision-immunity defense).

{¶ 27} Because common-law principles and R.C. 163.09(B)(2)'s "subject to" language patently and unambiguously divest the trial court of jurisdiction to proceed with the compensation trial while relators' appeal of the necessity determination is pending, we need not consider Judge Halliday's and Ohio Power's arguments that relators have an adequate remedy in the ordinary course of law. *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 15.

## V. Conclusion

{¶ 28} This case presents a pure question of law on undisputed facts, and it appears beyond doubt that relators are entitled to their requested extraordinary relief in prohibition. In such a case, a peremptory writ will issue. *Bates*, 130 Ohio St.3d 326, 2011-Ohio-5456, 958 N.E.2d 162, at ¶ 10; *see also State ex rel. Duke Energy Ohio, Inc. v. Hamilton Cty. Court of Common Pleas*, 126 Ohio St.3d 41, 2010-Ohio-2450, 930 N.E.2d 299, ¶ 15, 25. We therefore grant a writ of prohibition to prevent Judge Halliday from proceeding with the compensation trial during the

pendency of relators' R.C. 163.09(B)(3) appeal in the Fourth District. We deny Judge Halliday's motion to dismiss and Ohio Power's motion for judgment on the pleadings. Relators' motion for stay is also denied as moot.

Writ granted.

O'CONNOR, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

KENNEDY, J., concurs in judgment only.

_____

Vorys, Sater, Seymour & Pease, L.L.P., Joseph R. Miller, Thomas H. Fusonie, John M. Kuhl, and Daniel E. Shuey, for relators.

Nicole T. Coil, Washington County Prosecuting Attorney, for respondent.

Porter, Wright, Morris & Arthur, L.L.P., Ryan P. Sherman, Christopher J. Baronzzi, Jason T. Gerken, Molly S. Crabtree, and Syed Ahmadul Huda, for intervening respondent.

Chad A. Endsley, Leah F. Curtis, and Amy Milam, urging granting of the writ for amicus curiae Ohio Farm Bureau Federation, Inc.

Thompson Hine, L.L.P., and Stephanie M. Chmiel; and Kurt Helfrich and Lija Kaleps-Clark, urging denial of the writ for amicus curiae Buckeye Power, Inc.

McDonald Hopkins, L.L.C., Adam C. Smith, Matthew R. Rechner, and Richard W. Cline, urging denial of the writ for amicus curiae Columbia Gas of Ohio, Inc.

_____