[Cite as *Setters v. Durrani*, 2022-Ohio-1022.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| DANA SETTERS, | : | APPEAL NOS. C-210428 |
| | | C-210437 |
| and | : | TRIAL NO.   A-1506570 |
| CRAIG SETTERS, | : | |
| Plaintiffs-Appellants/Cross-Appellees, | : | *O P I N I O N.* |
| vs. | : | |
| ABUBAKAR ATIQ DURRANI, M.D., | : | |
| and | : | |
| THE CENTER FOR ADVANCED SPINE TECHNOLOGIES, INC., | : | |
| Defendants-Appellees/Cross-Appellants. | : | |


Civil Appeals From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  March 30, 2022


*The Deters Law Firm Co. II, P.A., Robert A. Winter Jr.* and *James F. Maus,* for Plaintiffs-Appellants/Cross-Appellees,

*Taft, Stettinius & Hollister, L.L.P., Philip D. Williamson, Russell S. Sayre, Aaron M. Herzig* and *Anna M. Greve,* for Defendants-Appellees/Cross-Appellants.

**CROUSE, Judge.**

**{¶1}** This case has returned to this court upon the appeal of plaintiffs-appellants Dana and Craig Setters and the cross-appeal filed by defendants-appellees Abubaker Atiq Durrani, M.D., and The Center for Advanced Spine Technologies, Inc., ("CAST"). Both the appeal and the cross-appeal concern the trial court's judgment following this court's remand in *Setters v. Durrani*, 2020-Ohio-6859, 164 N.E.3d 1159 (1st Dist.) ("*Setters I*").

**{¶2}** In *Setters I,* defendants appealed the jury verdict in favor of plaintiffs on their claims for negligence, lack of informed consent, and loss of consortium, and its award of $849,906 in damages. This court held that, pursuant to R.C. 2307.28, defendants were entitled to a "setoff" of the pretrial settlement between plaintiffs and West Chester Hospital ("WCH") and UC Health against the damages award. *Id.* at ¶ 62. Therefore, we reversed the trial court's judgment in part and remanded the cause for the trial court to determine the settlement amount and recalculate damages. *Id.* at ¶ 70.

**{¶3}** On January 14, 2021, WCH and UC Health filed a memorandum informing the trial court that the settlement agreement was confidential and asking the court to utilize the least intrusive mechanism possible to determine the setoff amount.[1] On January 25, 2021, the trial court issued an entry requiring plaintiffs' counsel to disclose to the court within seven days the amount plaintiffs received from the settlement. On January 27, 2021, plaintiffs' counsel emailed the court, defendants' counsel, and counsel for WCH and UC Health a "statement" of the settlement, which listed the "amount of allocation" to plaintiffs as $164,094.61. The actual settlement

---

[1] The settlement agreement was a global agreement which settled claims with multiple plaintiffs.

agreement was not produced. The court emailed counsel for WCH and UC Health, who confirmed "the amount listed as the settlement allocation for Ms. Setters ($164,094.61) is consistent with the information provided by Plaintiff's counsel."

{¶4} On February 8, 2021, defendants appealed *Setters I* to the Ohio Supreme Court. While the appeal was pending, the trial court issued a judgment entry on March 4, 2021, reducing the damages award by $164,094.61, the purported amount of the settlement. On April 1, 2021, defendants filed a motion for a new trial/relief from judgment. They argued, inter alia, that the trial court lacked jurisdiction to issue its March 4, 2021 judgment entry because their appeal to the Supreme Court was pending and that the court erred in not allowing discovery on the settlement with WCH and UC Health. Plaintiffs agreed that the court lacked jurisdiction to enter its March 4 judgment entry.

{¶5} On April 27, 2021, the Supreme Court declined to accept review of the case. On July 22, 2021, the trial court issued an order vacating its March 4, 2021 judgment as void for lack of jurisdiction. On July 26, 2021, the court overruled defendants' motion for a new trial/relief from judgment. On July 27, 2021, the court issued a judgment entry nearly identical to the March 4, 2021 entry. It reduced the damages by $164,094.61 for a total damages award of $685,811.39.

{¶6} In plaintiffs' sole assignment of error, they have changed their position regarding the trial court's jurisdiction on March 4, 2021, and now argue that the trial court did have jurisdiction on March 4, 2021, and erred in vacating its judgment entry. In defendants' sole assignment of error, they contend the trial court erred in denying their motion for a new trial/relief from judgment. They claim their due-process rights

were violated because the court refused to give them access to the settlement agreement.

{¶7} For the reasons discussed below, plaintiffs' sole assignment of error is overruled, and defendants' sole assignment of error is sustained. The judgment of the trial court is reversed and the cause is remanded.

### *Plaintiffs' Assignment of Error*

{¶8} In their sole assignment of error, plaintiffs argue that the court did have jurisdiction when it issued its March 4, 2021 judgment entry. Therefore, they contend, the July 27, 2021 entry is void, and because defendants did not appeal the March 4, 2021 entry, their cross-appeal is untimely and the case is "final."

{¶9} Determinations on subject-matter jurisdiction are reviewed de novo. *Cirino v. Ohio Bur. of Workers' Comp.*, 153 Ohio St.3d 333, 2018-Ohio-2665, 106 N.E.3d 41, ¶ 17.

{¶10} Although plaintiffs agreed in the trial court that the court lacked jurisdiction when it issued its March 4, 2021 judgment entry, the matter of subject-matter jurisdiction cannot be waived, and may be raised at any time. *Jones v. Sharefax Credit Union, Inc.*, 1st Dist. Hamilton No. C-210260, 2022-Ohio-176, ¶ 10; *see Fifth Third Mtge. Co. v. Rankin*, 4th Dist. Pickaway No. 11CA18, 2012-Ohio-2804, ¶ 16 ("The doctrine of invited error * * * does not apply to a question of subject-matter jurisdiction").

{¶11} When an appeal is pending, the trial court is divested of jurisdiction except to take action in aid of the appeal. *Daloia v. Franciscan Health Sys. of Cent. Ohio*, 79 Ohio St.3d 98, 101, 679 N.E.2d 1084 (1997), fn. 5.

{¶12} The Ohio Supreme Court has "consistently held that once an appeal is perfected, the trial court is divested of jurisdiction over matters that are inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment." *State ex rel. Bohlen v. Halliday*, 164 Ohio St.3d 121, 2021-Ohio-194, 172 N.E.3d 114, ¶ 25, quoting *State ex rel. Rock v. School Emps. Retirement Bd.*, 96 Ohio St.3d 206, 2002-Ohio-3957, 772 N.E.2d 1197, ¶ 8. "The timely filing of a notice of appeal generally precludes a trial court from taking further action on claims that are affected by the appeal." *Halliday* at ¶ 25.

{¶13} "[A] trial court retains jurisdiction over proceedings in aid of execution of its judgments, even while those judgments are on appeal." *Lloyd v. Thornsbery*, 11th Dist. Portage No. 2019-P-0108, 2021-Ohio-240, ¶ 18, quoting *Horvath v. Packo*, 2013-Ohio-56, 985 N.E.2d 966, ¶ 16 (6th Dist.), citing *State ex rel. Klein v. Chorpening*, 6 Ohio St.3d 3, 450 N.E.2d 1161 (1983). A trial court retains jurisdiction over collateral matters, such as contempt. *State ex rel. State Fire Marshal v. Curl*, 87 Ohio St.3d 568, 570, 722 N.E.2d 73 (2000).

{¶14} *Halliday* involved eminent-domain proceedings. Pursuant to R.C. 163.09(B), once a trial court makes a determination that a taking is necessary, the court proceeds to a jury trial to determine the amount of compensation, *subject to* the landowner's right to immediately appeal the "necessity" determination. *Halliday* at ¶ 3. The court held that the "subject to" language meant that if the landowner appeals the necessity determination, the trial court's ability to hold a compensation trial is extinguished until the appeal is decided. *Id.* at ¶ 17.

{¶15} The court held that its interpretation of the "subject to" language in R.C. 163.09(B)(2) was "bolstered by common-law principles governing the trial court's

jurisdiction when an appeal is taken." *Halliday*, 164 Ohio St.3d 121, 2021-Ohio-194, 172 N.E.3d 114, at ¶ 25. The court stated:

> Because relators have appealed the necessity of the takings, the scope of the property rights that must be valued at a compensation trial is squarely before the Fourth District. Indeed, should the Fourth District reverse or modify Judge Halliday's judgment, the amount of compensation would be based on the scope of the takings as determined by the Fourth District.

*Id.* at ¶ 26.

{¶16} The common law principles discussed in *Daloia* and *Halliday* apply here. The scope of defendants' liability and the amount of damages were both squarely before the Ohio Supreme Court on March 4, 2021.

{¶17} Setoff would only apply if the jury's finding of liability against defendants survived appeal. In the first proposition of law raised by defendants in their jurisdictional memorandum to the Ohio Supreme Court in *Setters I*, they argued the admission of evidence of Durrani's medical-license revocation was reversible error. If the Ohio Supreme Court had accepted defendants' appeal and found merit in their argument, then the court would have reversed this court's decision and remanded for a new trial, which would have extinguished the jury's finding of liability against defendants. The trial court's March 4, 2021 judgment was inconsistent with the Supreme Court's jurisdiction to reverse the judgment of liability.

{¶18} In their third proposition of law in their jurisdictional memorandum, defendants argued that Setters did not sustain a catastrophic injury. If the Supreme Court had accepted the appeal and found that argument persuasive, the noneconomic damages award would have been modified from $500,000 to $350,000. *See* R.C.

2323.43(A)(3). The trial court's March 4, 2021 judgment reducing the damages award to $685,811.39 conflicted with the Supreme Court's jurisdiction over the amount of damages. *See Albertson v. Ryder*, 85 Ohio App.3d 765, 770, 621 N.E.2d 480 (11th Dist.1993) ("Under the present facts, when the trial court changed the amount of the judgment being considered by this court, it modified the judgment on appeal. As such, the trial court interfered with this court's ability to affirm, modify or reverse the judgment on appeal.").

{¶19} Plaintiffs argue that this court issued a "limited remand" in *Setters I* that permitted the trial court to consider "specified matters that are not the subject of the direct appeal." But this court said no such thing in *Setters I,* and the cases cited by plaintiffs are distinguishable. *See Howard v. Catholic Social Servs.,* 70 Ohio St.3d 141, 147, 637 N.E.2d 890 (1994) (where a Civ.R. 60(B) motion is pending before the trial court while the case is on appeal, "Jurisdiction may be conferred on the trial court only through an order by the reviewing court remanding the matter for consideration of the Civ.R. 60(B) motion."); *Video Shack, Inc. v. Smith*, 7th Dist. Columbiana No. 2001-CO-41, 2003-Ohio-5149, ¶ 8 (the Seventh District granted a "limited remand" for 60 days for the trial court to rule on a "motion for clarification" filed in the trial court); *Bank of Am., N.A. v. Darkadakis*, 2016-Ohio-7694, 76 N.E.3d 577, ¶ 9 (7th Dist.) (the court granted a "60-day limited remand for William to obtain a final appealable order from the trial court"); and *Brooks v. Merchant*, 8th Dist. Cuyahoga No. 89462, 2008-Ohio-932, ¶ 10 (the court granted a limited remand to the trial court to allow the court to rule on the motion to vacate).

{¶20} This court's remand in *Setters I* was not for clarification purposes nor was it limited in time. The trial court was without jurisdiction to issue its March 4,

8

2021 judgment entry and it did not err in vacating that entry as void. Plaintiffs' assignment of error is overruled.

### *Defendants' Assignment of Error*

**{¶21}** In their sole assignment of error, defendants contend the trial court erred in denying their motion for a new trial/relief from judgment. They argue the court violated their right to due process by not granting them access to the settlement agreement between plaintiffs, WCH, and UC Health.

**{¶22}** A court may grant a motion for a new trial for, among other things, an "irregularity in the proceedings of the court," or any reason "for good cause shown." Civ.R. 59(A).

**{¶23}** Defendants also moved the court for relief from judgment under Civ.R. 60(B)(2) and (5). A court may grant a motion for relief from judgment under Civ.R. 60(B)(2) based on "newly discovered evidence" and under (B)(5) for "any other reason justifying relief from the judgment."

**{¶24}** Appellate courts review motions for a new trial and relief from judgment for an abuse of discretion. *Kreller Grp., Inc. v. WFS Fin., Inc.,* 155 Ohio App.3d 14, 2003-Ohio-5393, 798 N.E.2d 1179, ¶ 30 (1st Dist.); *Zwahlen v. Brown*, 1st Dist. Hamilton No. C-070263, 2008-Ohio-151, ¶ 13.

**{¶25}** "Abuse of discretion occurs when 'a court exercises its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority.' " *State v. Austin*, 1st Dist. Hamilton Nos. C-210140 and C-210141, 2021-Ohio-3608, ¶ 5, quoting *Johnson v. Abdullah*, Slip Opinion No. 2021-Ohio-3304, ¶ 35. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140

9

(1983). "[C]ourts lack the discretion to make errors of law." *Austin* at ¶ 5, quoting *Johnson* at ¶ 39.

**{¶26}** Defendants argue the trial court deprived them of their opportunity to be heard and to have setoff fully applied by precluding them from testing plaintiffs' counsel's unsworn statement about the amount of setoff. They claim the trial court allowed plaintiffs to decide what the evidence showed without giving them an opportunity to test the veracity of the evidence, which violated the adversarial nature of our legal system.

**{¶27}** Plaintiffs contend the trial court did not abuse its discretion because it struck a proper balance between defendants' due-process rights and the settling parties' interest in confidentiality.

**{¶28}** "The procedural protections afforded by the Due Process Clause of the Fourteenth Amendment require that parties to an action be given reasonable notice and an opportunity to be heard before a competent tribunal, 'at a meaningful time and in a meaningful manner.' " *State v. Pickens*, 2016-Ohio-5257, 60 N.E.3d 20, ¶ 20 (1st Dist.), quoting *Mathews v. Eldridge*, 424 U.S. 319, 334, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

**{¶29}** "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Armstrong v. Manzo*, 380 U.S. 545, 550, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965). In order to present its objections, a party must know what evidence is being offered against it. *See Clayman v. Zurich Am. Ins. Co.*, 2013-Ohio-3866, 995 N.E.2d 269, ¶ 34 (11th Dist.), quoting *Anderson v.*

*Sotheby's Inc.,* S.D.N.Y. No. 04 Civ. 8180, 2006 U.S. Dist. LEXIS 42539, *18 (June 21, 2006) ("At its core, due process requires a full and fair review which, in turn, 'includes knowing what evidence the decision-maker relied upon, having an opportunity to address the accuracy and reliability of that evidence, and having the decision-maker consider the evidence by both parties before reaching and rendering his decision.' "); *In re Adoption of K.A.T.*, 2017-Ohio-1435, 89 N.E.3d 195, ¶ 19 (5th Dist.) (holding that appellant's due-process rights were violated because appellant "was not provided an opportunity to view the additional evidence regarding [father's] return to work date, verify or object to it, or argue as to its evidentiary value."); *J.S. v. L.S.*, 10th Dist. Franklin No. 19AP-400, 2020-Ohio-1135, ¶ 19 (holding that "to the extent the trial court reviewed evidence provided by J.S. without providing the evidence to L.S. and allowing him an opportunity to respond, the trial court erred and rendered his hearing something less than a full hearing as contemplated under R.C. 3113.31.").

{**¶30**} Here, the settlement agreement pertains to a core issue—the extent of the damages owed by defendants. The trial court sought the settlement amount from plaintiffs' counsel, and then verified the accuracy of the amount with counsel for WCH and UC Health. While we understand that the court received assurances from two officers of the court that the settlement amount was $164,094.61, *see State v. Svoboda*, 1st Dist. Hamilton Nos. C-190752 and C-190753, 2021-Ohio-4197, ¶ 66 (affording credence to the unsworn representations made to the trial court by an attorney), the defendants nevertheless had an interest in ensuring the settlement amount allocated to plaintiffs was correct, especially in light of the fact that this was a global settlement.

{**¶31**} The trial court accepted the amount provided by plaintiffs' counsel and counsel for WCH and UC Health without independently verifying its accuracy or

allowing defendants to test its accuracy. This court takes no position on the veracity of counsels' statements or the accuracy of the $164,094.61 figure. But we find that the trial court's one-sided methodology failed to comport with due process or the adversarial nature of our legal system.[2]

{¶32} We also take no position on whether defendants should have access to the entire settlement agreement. There are multiple methods which, either employed together or standing alone, may be sufficient for due-process purposes, such as an in camera inspection, protective order, and/or filing a redacted version of the settlement agreement under seal. *See Myers v. Myers,* 170 Ohio App.3d 436, 2007-Ohio-66, 867 N.E.2d 848, ¶ 50 (5th Dist.) (discussing statutory requirement that in camera interviews with children be recorded for purposes of appellate review in child-custody determinations in order to protect the due-process rights of the parents); *Weiler v. Knox Community Hosp.,* 5th Dist. Knox No. 20CA000018, 2021-Ohio-2098, ¶ 10 (the trial court ordered that the party provide a redacted version of the settlement agreement under seal); *Northeast Professional Home Care, Inc. v. Advantage Home Health Servs.,* 188 Ohio App.3d 704, 2010-Ohio-1640, 936 N.E.2d 964, ¶ 51 (5th Dist.) ("R.C. 1333.65 provides that a court may preserve the secrecy of an alleged trade secret by reasonable means, including holding in-camera hearings, sealing the records of the action and ordering any person involved in the litigation not to disclose an alleged trade secret.").

{¶33} Defendants' sole assignment of error is sustained.

### *Conclusion*

---

[2] Also irregular is the fact that the critical correspondences regarding the settlement amount occurred via email rather than filings on the record. Therefore, our analysis of the correspondence is limited to an appendix describing the emails attached to the end of the trial court's decision overruling the motion for a new trial/relief from judgment.

**{¶34}** Plaintiffs' sole assignment of error is overruled. Defendants' sole assignment of error is sustained. The trial court's decision is reversed, and the cause is remanded for the court to employ a method for determining setoff that comports with due process.

*Judgment reversed and cause remanded.*

**MYERS, P.J.,** and **ZAYAS, J.,** concur**.**

Please note:

The court has recorded its own entry on the date of the release of this opinion.